# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VIZCAYA PARTNERS LIMITED, BANQUE JACOB SAFRA (GIBRALTAR) LTD. a/k/a BANK J SAFRA LIMITED, SIAM CAPITAL MANAGEMENT, ASPHALIA FUND LIMITED, and ZEUS PARTNERS LIMITED,<br><br>　　　　　　　Defendants. | Adv. Pro. No. 09-1154 (BRL) |

**ORDER GRANTING ENTRY OF DEFAULT JUDGMENT AGAINST VIZCAYA PARTNERS LIMITED, SIAM CAPITAL MANAGEMENT, ASPHALIA FUND LIMITED, AND ZEUS PARTNERS LIMITED**

This matter came before the Court on the motion (the "Motion") of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq., and the estate of Bernard L. Madoff, for an order granting entry of default judgment against Defendants Vizcaya Partners Limited ("Vizcaya"), Siam Capital Management ("Siam"), Asphalia Fund Limited ("Asphalia"), and Zeus Partners Limited ("Zeus" and collectively, the "Defaulting Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-captioned action; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having reviewed the record before it, including the affidavits and exhibits submitted in support of the Motion, and accepting the allegations of the complaint as true as required by law; and having determined that the Trustee articulated good cause for the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court, after due deliberation, having determined that the Trustee made a proper *prima facie* showing of personal jurisdiction; and finding that this Court is properly seized in the matter,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety.

2. The Court directs the Clerk of the Court to enter judgment jointly and severally in favor of the Trustee and against each of the Defaulting Defendants as follows:

    A. Default judgment of $180,000,000 as to Vizcaya;

    B. Default judgment of $725,865 as to Siam;

C. Default judgment of $103,000,000 as to Zeus; and

D. Default judgment of $67,000,000 as to Asphalia.

Dated: New York, New York
     August 3, 2010

                                                /s/ Burton R. Lifland
                                       HONORABLE BURTON R. LIFLAND
                                       UNITED STATES BANKRUPTCY JUDGE